BEAD PORTFOLIO, LLC *vs.* SHARON A. FOLLAYTTAR
& another.[1]

No. 97-P-2359.

Suffolk. April 13, 1999. - August 5, 1999.

Present: BECK, DREBEN, & GILLERMAN, JJ.

*Mortgage,* Foreclosure, Action for deficiency.

The failure of a holder of a note and mortgage to comply with the notice
   requirements of G. L. c. 244, § 17B, precluded the successor to the inter-
   est in the note after foreclosure from pursuing the deficiency remaining
   after the foreclosure sale and, if even if the mortgagor had had actual
   notice of the intent to seek a deficiency judgment, the statutory provisions
   could not be waived. [533-537]

CIVIL ACTION commenced in the Superior Court Department on
September 4, 1996.

The case was heard by *John C. Cratsley*, J., on motions for
summary judgment.

*Barry B. Teicholz* for the defendants.

*Jeffrey D. Ganz* for the plaintiff.

DREBEN, J. This appeal concerns the failure of the Federal
Deposit Insurance Corporation (FDIC), the holder of a note and
mortgage, to comply with G. L. c. 244, § 17B,[2] and whether

---

[1]Joseph C. Follayttar, II.

[2]General Laws c. 244, § 17B, as inserted by St. 1945, c. 604, § 1, provides
that:

> "No action for a deficiency shall be brought after June thirtieth, nineteen
> hundred and forty-six by the holder of a mortgage note or other obliga-
> tion secured by mortgage of real estate after a foreclosure sale by him
> taking place after January first, nineteen hundred and forty-six unless a
> notice in writing of the mortgagee's intention to foreclose the mortgage
> has been mailed, postage prepaid, by registered mail with return receipt
> requested, to the defendant sought to be charged with the deficiency at
> his last address then known to the mortgagee, together with a warning

such failure precludes the plaintiff, the successor to the interest of the FDIC in the note after foreclosure, from pursuing the deficiency remaining after the foreclosure sale. On cross motions for summary judgment, a judge of the Superior Court entered judgment for the plaintiff, ruling that, although the notice had not been sent as required by § 17B, "to the defendant . . . at his last address then known to the mortgagee," but was sent to an address at which the defendants no longer resided, "the FDIC sufficiently complied with the statute, and . . . the defendants had actual notice of the proceedings sufficient to protect their interests at foreclosure."[3]

The judgment must be reversed. Not only was the determination that there was actual notice of the FDIC's intention to seek a deficiency not warranted by the materials presented on the motions for summary judgment, but the ruling of sufficient compliance was erroneous. We also hold that, even if Joseph had actual notice, the substantial deviation from the requirements of § 17B would preclude the plaintiff's recovery.

The judge's conclusion that the defendants had actual notice of the proceedings was based on Joseph Follayttar's presence at the foreclosure sale and the following interpretation by the judge of Joseph's statements in a deposition:

> "Defendant Joseph Follayttar spoke with . . . the foreclosing attorneys, prior to the foreclosure sale. When asked what was the substance of the conversation, Mr. Follayttar stated that they 'probably went over the substance of the letter [giving notice of the foreclosure and liability for deficiency].' "

The portion of the deposition relied on by the judge does not warrant his conclusion. The exhibits referred to in the transcript

---

of liability for the deficiency, in substantially the form below, not less than twenty-one days before the date of the sale under the power in the mortgage, and an affidavit has been signed and sworn to, within thirty days after the foreclosure sale, of the mailing of such notice. A notice mailed as aforesaid shall be a sufficient notice, and such an affidavit made within the time specified shall be prima facie evidence in such action of the mailing of such notice. . . ."

[3]Although the plaintiff argued before the motion judge that knowledge of the defendants' new address by the servicing agent of FDIC could not be imputed to FDIC, it has wisely abandoned this argument on appeal.

of Joseph Follayttar's deposition (13 & 14), if contained in the record on appeal, are not designated. Even assuming, as did the judge, that the exhibits were the notices required by §§ 14 and 17B, Joseph Follayttar's answer at most indicates that his calling of the attorneys for FDIC was in response to "receiving *either* exhibits 13 or 14" (emphasis supplied). Moreover, subsequent portions of his deposition cast further doubt on the receipt of those letters.

Indeed, the plaintiff does not urge that Joseph Follayttar had knowledge of the § 17B notice, but only argues that he had knowledge of the foreclosure. What it does contend is that actual notice of the foreclosure sale and Joseph Follayttar's attendance at that sale preclude the Follayttars from relying upon the technical notice requirements of § 17B as a defense. We reject this contention.[4]

Case law does not support the plaintiff. Although the plaintiff cites the lower court's decision in *Fairhaven Sav. Bank* v. *Callahan*, 391 Mass. 1011 (1984), the Supreme Judicial Court's opinion suggests that compliance with the statutes is, indeed, required. In upholding a deficiency remaining after a foreclosure sale at which the *defendant mortgagor was present,* the court accepted the district judge's determination that the requirements of G. L. c. 244, §§ 14, and 17B, had been met, explaining, "We are unable to decide the question whether the evidence was sufficient to warrant a finding of compliance because we do not have a transcript of the evidence." *Id.* at 1012. If knowledge of the sale and presence had been sufficient, there would have been no need to discuss statutory compliance.

*Framingham Sav. Bank* v. *Turk*, 40 Mass. App. Ct. 384, 387 (1996), emphasizes the need for compliance:[5]

> "[T]he giving of the § 17B notice is more than just the norm[; it] is an indispensable condition of an action for a deficiency after foreclosure under power of sale. . . . The statutory language of G. L. c. 244, § 17B, is more than ordinarily prescriptive, i.e., '*[n]o action* for a deficiency *shall be brought . . . unless* a notice in writing . . . has

[4] There is nothing in the materials presented to us indicating that Sharon Follayttar knew of the sale or that she attended it. Accordingly, she, in any event, is not liable for the deficiency.

[5] In *Framingham Sav. Bank* v. *Turk*, the mortgagor had actual oral notice some nine months prior to sale that a deficiency would be sought.

been mailed . . . in substantially the form below' (emphasis supplied). Compliance with the statute is not burdensome. Section 17B goes so far as to set out texts of a form of notice and form of affidavit of notice that will satisfy the statute's requirements. The purpose of the statute . . . is protective of mortgagors. We think that accepting unwritten expressions of intent to foreclose and to pursue a deficiency (or even written notices that deviate substantially from the statutory model) would subvert that purpose."

See *IAG Fed. Credit Union* v. *Laterman*, 40 Mass. App. Ct. 116, 117 (1996).

The § 17B notice that a deficiency will be sought gives the mortgagor protection additional to the § 14 notice and is a strong inducement to the mortgagor to find a purchaser and perhaps, thereby, persuade the mortgagee to defer the auction. The giving of at least twenty-one days notice as provided in § 17B (as contrasted with fourteen days under § 14) may also be important to the mortgagor if he wishes to avoid a foreclosure by finding a purchaser. As pointed out in *Framingham Sav. Bank* v. *Turk*, 40 Mass. App. Ct. at 387, § 17C,[6] which prevents the waiver of a written warning of liability for a deficiency, indicates the importance the Legislature attached to the § 17B statutory requirement of providing a timely written notice that a deficiency would be sought.

The written notice here deviated substantially from the statutory model, contrast *Duggan* v. *Ogden*, 278 Mass. 432, 436 (1932). It was not sent to the proper address. Even if Joseph Follayttar had had actual notice of the plaintiff's intent to seek a deficiency, this would not have been enough[7]; the plaintiff would not succeed.

The judgment is reversed, and judgment shall be entered in

---

[6]General Laws c. 244, § 17C, as inserted by St. 1945, c. 604, § 1, provides: "The provisions of sections seventeen A and seventeen B shall not be waived, and any agreement to waive them or covenant not to rely upon them made before suit is commenced shall be void."

[7]Since we have concluded that the substantial deviation from the requirements of § 17B would in any event preclude the plaintiff from obtaining a deficiency judgment against Joseph Follayttar, it is unnecessary to remand the case to determine whether he had actual notice.

favor of the defendants Sharon Follayttar and Joseph C. Follayttar, II.

*So ordered.*