COMMONWEALTH *vs.* JAMES M. PAPPAS. October 10, 2000. *Practice, Criminal,* Appeal.

This matter is before us on our granting of the defendant's application for further appellate review. The defendant appealed to the Appeals Court from the action of a District Court judge on June 16, 1998, finding him in violation of his probation (for operating a motor vehicle after revocation of his license, second offense), and committing him for the balance of his suspended sentence. His notice of appeal was not filed until March 15, 1999. On March 24, 1999, the District Court judge allowed the defendant's pro se motion for an extension of time to file a notice of appeal. Pursuant to Mass. R. A. P. 4 (b), as amended, 378 Mass. 928 (1979), a notice of appeal is to be filed within

thirty days after the verdict or finding of guilt or within thirty days after imposition of sentence. See *Commonwealth* v. *White*, 429 Mass. 258, 262 (1999). The rule does permit the lower court to enlarge the time for filing for another thirty days. Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979). Because the sentence was imposed June 16, 1998, the trial judge's authority to allow the defendant's motion expired long before March 24, 1999, the date on which he allowed the motion. See *Commonwealth* v. *White*, *supra* at 264-265 n.12.

On September 24, 1999, six months after the allowance in the District Court of his motion for an extension of time, the defendant filed a motion in the Appeals Court to deem his notice of appeal filed in the District Court on March 15, 1999, as timely. The Appeals Court denied the motion,[1] as good cause had not been demonstrated, and ordered the appeal dismissed. See Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979) (enlargement of time). There was no abuse of discretion by the Appeals Court and we agree with its reasoning. See *Commonwealth* v. *Barclay*, 424 Mass. 377, 379 (1997), quoting *Tisei* v. *Building Inspector of Marlborough*, 3 Mass. App. Ct. 377, 379 (1975).

*Appeal dismissed.*

*Alba Doto Baccari* for the defendant.
*Robert C. Cosgrove*, Assistant District Attorney, for the Commonwealth.

---

[1]We note that the filing of the motion in the Appeals Court was not late. "While under [Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979),] the one-year anniversary of the order to be appealed terminates the defendant's right to *file* a notice of appeal, it does not terminate the jurisdiction of an appellate court to consider a motion to enlarge the time, nunc pro tunc" (emphasis supplied). *Commonwealth* v. *White*, 429 Mass. 258, 263 (1999).