Commonwealth *v.* Abreu.

COMMONWEALTH *vs.* RAMON ABREU.

No. 05-P-816.

Suffolk. May 8, 2006. - July 20, 2006.

Present: LENK, BECK, & CYPHER, JJ.

*Rules of Appellate Procedure. Practice, Criminal,* Appeal. *Notice,* Timeliness.

Where a criminal defendant sought relief from a single justice of this court following a District Court judge's denial of his motion to withdraw his guilty plea and for a new trial, but filed his notice of appeal more than one year after his plea and sentencing, the single justice did not abuse her discretion in allowing the defendant's motion to deem his notice of appeal timely pursuant to Mass.R.A.P. 14(b), where the alternative would yield the untenable result of effectively prohibiting an appellate court or a single justice from permitting late notices of appeal from collateral challenges decided more than one year after a defendant's conviction. [796-798]

COMPLAINT received and sworn to in the Dorchester Division of the District Court Department on May 7, 1990.

A motion to withdraw a plea of guilty, filed on January 8, 2004, was heard by *Sydney Hanlon,* J.

A motion to file a late notice of appeal was heard by *Duffly,* J., in the Appeals Court.

*Timothy M. Pomarole,* Assistant District Attorney, for the Commonwealth.

*Ramon W. Abreu,* pro se, submitted a brief.

CYPHER, J. The Commonwealth appeals from an order of a single justice which deemed timely a notice of appeal filed by the defendant, Ramon Abreu.[1] On July 20, 1993, the defendant pleaded guilty and was sentenced on a charge of attempting to commit a crime. G. L. c. 274, § 6. On January 8, 2004, the

---

[1]As neither party raises any issue as to the interlocutory nature of this appeal, see *Giacobbe* v. *First Coolidge Corp.,* 367 Mass. 309, 312-313 (1975), we do not address it.

defendant moved to withdraw his guilty plea and for a new trial. The motion was denied without a hearing on March 24, 2004. On October 25, 2004, the defendant filed a late notice of appeal in the District Court, stating in an accompanying affidavit that he had previously filed a notice of appeal which was not reflected on the docket. On February 22, 2005, the defendant sought relief from a single justice of this court, and on February 28, 2005, the single justice ordered that the defendant's notice of appeal, previously filed on October 25, 2004, be deemed timely.

The Commonwealth claims that the plain language of Mass. R.A.P. 4(b), as amended, 431 Mass. 1601 (2000), and Mass. R.A.P. 14(b), as amended, 378 Mass. 939 (1979), prohibits the enlargement of time in this case. Rule 4(b) sets the time period for filing a notice of appeal in criminal cases, which runs thirty days from "entry of the judgment or order appealed from; or entry of a notice of appeal by the Commonwealth; or the imposition of sentence."[2]

Rule 14(b) permits the appellate court or a single justice to enlarge the time prescribed by the rules for doing any act, but prohibits the single justice from enlarging the time for filing a notice of appeal in a criminal case beyond one year *"from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later"* (emphasis supplied).[3]

It is the Commonwealth's position that the provisions of rule

---

[2]Rule 4(b), as amended, 431 Mass. 1601 (2000), reads as follows:

"Appeals in Criminal Cases. In a criminal case unless otherwise provided by statute or court rule, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days after entry of the judgment or order appealed from; or entry of a notice of appeal by the Commonwealth; or the imposition of sentence.

"The running of the time for filing a notice of appeal shall be terminated as to the moving party by a motion for a new trial pursuant to Massachusetts Rules of Criminal Procedure 30 filed in the lower court within thirty days after the verdict or finding of guilt or within thirty days after imposition of sentence and the full time fixed by this rule shall commence to run and shall be computed from the date of entry of an order denying such motion."

[3]Rule 14(b), as amended, 378 Mass. 939 (1979), reads as follows:

"The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but neither the appellate court nor a single justice may enlarge the time for filing

14(b) permitting an enlargement of time of up to one year do not apply to the defendant's appeal from the March 24, 2004, order of the trial court because the notice of appeal was filed "more than one year after the verdict, finding of guilt, or the imposition of sentence," in this case, the defendant's 1993 plea and sentencing. The Commonwealth's argument would effectively prohibit an appellate court or a single justice from permitting late notices of appeal from collateral challenges (motions under Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 [2001]) that have been decided more than one year after a defendant's conviction. This argument is without merit.

This matter is controlled by the Supreme Judicial Court's decision in *Commonwealth* v. *White*, 429 Mass. 258, 264 (1999). In *White*, the Supreme Judicial Court applied Mass.R.A.P. 14(b), as amended, 378 Mass. 929 (1979), to an appeal from the denial of a motion for a new trial, in circumstances quite similar to those presented here,[4] and set, in accordance with that rule, a limit of "one year from the date of the judgment or order appealed from" on the time by which an appellate court or a single justice could enlarge the time for filing a notice of appeal. The Commonwealth argues that because, after the issuance of the *White* decision, the Supreme Judicial Court amended Mass. R.A.P. 4(b) to add "order" to the events triggering the time for filing a notice of appeal, see Mass.R.A.P. 4(b), as amended, 431 Mass. 1601 (2000), but failed to similarly amend rule 14(b), the change in the appellate rules "superceded" the court's holding in *White*, indicating an intent to change rule 4(b) but retain the "limitations reflected by the plain language of rule 14(b)." We disagree.[5]

---

a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed, or, in a criminal case, from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later."

[4]In *White, supra* at 259-260, the defendant sought leave to file a late notice of appeal from an order denying his motion for a new trial. The defendant's notice of appeal was docketed thirty-six days after the entry of the order denying the motion for a new trial. The motion to enlarge the time for filing the notice of appeal was not filed until almost twenty-two months after the denial of the new trial motion.

[5]The Commonwealth cites to no instance where the mechanism of a subsequent rule change by a court was used to overturn the holding of a prior decision of the same court.

*Commonwealth* v. *White* addressed two separate questions: (1) what appeal period applied to an order denying a motion for a new trial; and (2) whether a single justice lacked authority to enlarge the appeal period from such an order when the notice of appeal was filed within the one-year period permitted by rule 14(b), but the motion to file the appeal late was not. The court held that the thirty-day appeal period contained in rule 4(b) applied notwithstanding the lack of reference in that rule to such orders. It is this holding of *White* that led to the 2000 amendment of rule 4(b). See Reporters' Notes to Mass.R.A.P. 4(b), Mass. Ann. Laws, Rules of Appellate Procedure, at 17 (Lexis-Nexis 2005). Nothing in the amendment or the Reporters' Notes purports to address the second issue discussed in *White*, the proper application of rule 14(b). The Commonwealth's suggestion that the Supreme Judicial Court, in its attempt to make rule 4(b) conform to its holding in *White*, intended, by omission of a concomitant change to rule 14(b), to overturn another aspect of its decision in that case is not persuasive. Rather, we think it clear that a commonsense reading of the cases and the rules of appellate procedure establish that as to orders denying motions for postconviction relief, Mass.R.A.P. 14(b) "terminates the defendant's right to *file* a notice of appeal, [but] it does not terminate the jurisdiction of an appellate court to consider a motion to enlarge the time, nunc pro tunc" (emphasis supplied). *Commonwealth* v. *White*, 429 Mass. at 263. See also *Commonwealth* v. *Pappas*, 432 Mass. 1025, 1026 n.1 (2000) (reaffirming the court's holding in *White* as to the proper application of rule 14[b]).

Finally, the Commonwealth argues that the defendant failed to show good cause in support of his motion to file his notice of appeal late. We do not think that the single justice abused her discretion in allowing the motion to deem the notice of appeal timely. "[T]he importance of the rights lost to the defendant should his motion for enlargement be denied is an appropriate consideration for a judge considering whether the defendant has shown 'good cause.' " *Commonwealth* v. *White*, 429 Mass. at 264.

*Order of the single justice dated
February 28, 2005, affirmed.*