## COMMONWEALTH *vs.* DARRYL BARBOZA.

No. 06-P-499.

Suffolk. October 16, 2006. - February 7, 2007.

Present: PERRETTA, DUFFLY, & DOERFER, JJ.

*Rules of Appellate Procedure. Practice, Criminal,* Appeal. *Notice,* Timeliness.

A single justice of this court did not abuse his discretion in allowing a criminal
defendant's motion to file a notice of appeal after the expiration of the
time limit in Mass.R.A.P. 4(c), but prior to the one-year limit set forth in
Mass.R.A.P. 14(b), where the failure of trial counsel to verify that the
notice of appeal that he drafted and mailed in a timely manner had been
received and filed by the clerk of the trial court amounted to a showing of
good cause sufficient to permit an enlargement of time. [182-186]

INDICTMENTS found and returned in the Superior Court Department on March 22, 2004.

The cases were tried before *Christine M. McEvoy,* J.

A motion to file a late notice of appeal was heard by *Mills,* J., in the Appeals Court.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*Kenneth I. Seiger* for the defendant.

DOERFER, J. The Commonwealth filed its present appeal after a single justice of this court allowed the defendant's motion to extend the time for filing his notice of appeal. The Commonwealth claims that the notice was improperly allowed under Mass.R.A.P. 14 (b), as amended, 378 Mass. 939 (1979), because the defendant failed to establish "good cause" as required. The reason given by appellate counsel for the absence of a timely notice of appeal was that trial counsel had timely drafted and mailed a notice of appeal, but counsel did not follow up with the clerk to make sure it was received and docketed (which it was not).

This case requires us to address the meaning of the "good cause" standard in a criminal case where the defendant filed a motion for late notice of appeal after the thirty-day time limit under Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), expired, but prior to the one-year limit set forth in rule 14(b). Specifically, we must decide whether the single justice abused his discretion in allowing a late notice of appeal to be filed where the reason given for the delay is that trial counsel did not verify that the mailed notice had been received by the clerk of the trial court. We conclude that there was no abuse of discretion.

*Procedural history.* On April 11, 2005, the defendant was convicted of various crimes and was sentenced on April 15, 2005. Approximately ten months later, on January 31, 2006, appellate counsel (who had been appointed the previous day) filed motions with the single justice to allow late notice of appeal and to waive the entry fee due to indigency. Appellate counsel's affidavit stated that the defendant did not file a notice of appeal within the time prescribed by Mass.R.A.P. 4(b), as amended by 431 Mass. 1601 (2000).[1] The Commonwealth filed an objection to the motion for leave to file a late notice of appeal. On February 14, 2006, the single justice denied the motions without prejudice pending production of certain financial accounts, but also noted that "the motion to allow late notice of appeal, in its current form, establishes neither excusable neglect nor a meritorious appellate issue."

On February 28, 2006, close to eleven months after sentencing, appellate counsel filed with the single justice a renewed motion to allow late notice of appeal.[2] In his affidavit, appellate counsel, while still acknowledging that the defendant did not file a notice of appeal within the time prescribed by rule 4(b), stated that he had since spoken with trial counsel who said that he had drafted and mailed a notice of appeal to the trial court, but failed to keep a photocopy of the notice of appeal. The

---

[1]Although the motion refers to Mass.R.A.P. 3(b), the Commonwealth appropriately assumed that the reference was to Mass.R.A.P. 4(b). For the pertinent text of rule 4(b), see note 4, *infra.*

[2]The appellate docket sheet reflects that the defendant also filed a motion to waive entry fee on February 28, 2006, which was allowed on the same day.

notice of appeal was apparently never received or docketed by the trial court.[3] On March 1, 2006, the single justice allowed the motion to file the late notice of appeal (to be filed on or before March 10, 2006, in the trial court), but did not state particular findings as to "good cause." On March 6, 2006, the defendant filed the notice of appeal (less than one year after sentencing).

On March 16, 2006, the Commonwealth filed a notice of appeal from the March 1, 2006, order of the single justice allowing the filing of the late notice of appeal. The Commonwealth also filed a motion to reconsider and to vacate the order allowing the motion to extend time to file the notice of appeal. The defendant filed an opposition to the motion to reconsider that included an affidavit of trial counsel. Trial counsel stated that the defendant told him, after sentencing, that he wanted to appeal and that on or about April 18, 2005, counsel mailed to the clerk's office of the Superior Court in Suffolk County a motion to revise and revoke, notice of appeal, motion to withdraw, and a motion to appoint appellate counsel. (The Superior Court docket does not reflect such filings.) Upon reconsideration, the single justice allowed the action of March 1, 2006, to stand.

*Discussion.* In criminal cases, a notice of appeal must be filed with the clerk of the lower court within thirty days after the entry of judgment or order, entry of the Commonwealth's notice of appeal, or imposition of sentence. Mass.R.A.P. 4(b).[4] If a defendant requires more than the thirty days prescribed by rule 4(b), then the lower court is permitted to extend the filing period for up to thirty days (i.e., sixty days total), if the defendant makes *"a showing of excusable neglect"* (emphasis supplied). Mass.R.A.P. 4(c).[5] See *Commonwealth* v. *Pappas,* 432 Mass. 1025, 1026 (2000); *Commonwealth* v. *Burns,* 43

---

[3]Appellate counsel also stated: "The trial court will not order a trial transcript unless a notice of appeal is filed. Although I do not have the benefit of the transcript to evaluate the case for appellate issues, my conversations with [trial counsel] and [the defendant] indicate that there may be issues regarding the possession of the contraband charged in the indictment."

[4]In relevant part, rule 4(b) provides: "In a criminal case, unless otherwise provided by statute or court rule, the notice of appeal required by Rule 3 shall be filed with the clerk of the lower court within thirty days after entry of the judgment or order appealed from; or entry of a notice of appeal by the Commonwealth; or the imposition of sentence."

[5]Rule 4(c) states: "Extension of Time for Filing Notice of Appeal. Upon a

Mass. App. Ct. 263, 265 (1997). If a defendant needs a longer extension, he may file a motion with the appellate court or a single justice requesting an enlargement of the time for filing his notice of appeal. Mass.R.A.P. 14(b). See *Commonwealth v. Burns, supra; Commonwealth v. Abreu,* 66 Mass. App. Ct. 795, 796 (2006). The appellate court or a single justice may grant the motion *"for good cause shown,"* but is without authority to enlarge the period for filing a notice of appeal beyond one year from the date of the verdict, finding of guilt, or the date of imposition of sentence, whichever is later. (emphasis supplied). Mass.R.A.P. 14(b).[6] The determination of good cause falls within the sound discretion of the appellate court or a single justice. See *Commonwealth v. Pappas,* 432 Mass. at 1026; *Commonwealth v. Abreu,* 66 Mass. App. Ct. at 798 (single justice did not abuse her discretion in allowing motion to deem notice of appeal timely). See also *Lawrence Sav. Bank v. Garabedian,* 49 Mass. App. Ct. 157, 161 (2000) ("[d]ecisions on requests for extension of time are reviewed for an abuse of discretion").

Where, as here, in a criminal case, the defendant filed a motion to allow a late notice of appeal after the rule 4(c) time limit had expired, but prior to the one-year limit set forth in rule 14(b), there is a question whether the "good cause" standard of rule 14(b) applied by the Appeals Court should be the equivalent of the "excusable neglect" standard of rule 4(c) applied by the trial court. In civil cases, the "good cause" standard of rule 14(b) does not depart substantially from the "excusable neglect" standard. See *Bernard v. United Brands Co.,* 27 Mass. App. Ct.

showing of excusable neglect, the lower court may extend the time for filing the notice of appeal by any party for a period not to exceed thirty days from the expiration of the time otherwise prescribed by this rule. Such an extension may be granted before or after the time otherwise prescribed by this rule has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the lower court shall deem appropriate."

[6]Rule 14(b) states: "Enlargement of Time. The appellate court or a single justice for good cause shown may upon motion enlarge the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of such time; but neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year from the date of entry of the judgment or order sought to be reviewed, or, in a criminal case, from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later."

415, 418 n.8 (1989) ("[i]n the context of time to appeal in civil actions, the first function of 14[b] is to care for cases where for extraordinary reasons the party was unable to apply for a 4[c] extension within the time allowed in that rule. As to standards, we would not expect 14[b] to depart substantially from the rather exacting standard of 4[c]"); *Lawrence Sav. Bank* v. *Garabedian*, 49 Mass. App. Ct. at 161. In civil cases, excusable neglect has been described as requiring

> " 'circumstances that are unique or extraordinary.' . . . [It] 'is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps truthfully, in almost every case. . . . It is [meant] to take care of emergency situations only.' Stern, Changes in the Federal Appellate Rules, 41 F.R.D. 297, 299 (1967). 'A flat mistake of counsel about the meaning of a statute or rule may not justify relief: relief is not extended "to cover any kind of garden-variety oversight." ' *Goldstein* v. *Barron*, 382 Mass. 181, 186 (1980), quoting from *Pasquale* v. *Finch*, 418 F.2d 627, 630 (1st Cir. 1969)."

*Feltch* v. *General Rental Co.*, 383 Mass. 603, 614 (1981). See *Bernard* v. *United Brands Co.*, *supra.* A determination of good cause or excusable neglect in civil cases, therefore, may result in seemingly harsh outcomes. See *Shaev* v. *Alvord*, 66 Mass. App. Ct. 910 (2006) (reversing lower court order allowing motion to extend time to file notice of appeal where miscommunication between senior partner and associate did not qualify as excusable neglect).

In a criminal case, however, there are additional considerations that the appellate court or a single justice may properly consider in determining "good cause," including "the importance of the rights lost to the defendant should his motion for enlargement be denied." *Commonwealth* v. *White*, 429 Mass. 258, 264 (1999). *Commonwealth* v. *Abreu*, 66 Mass. App. Ct. at 798. Compare *Shaev* v. *Alvord*, 66 Mass. App. Ct. at 911-912 ("[d]iscretion is not granted to the judge to allow late filing of a notice of appeal simply because the matter is important to the parties, the issues to be raised in the appeal are debatable, or the consequences to the losing party are harsh"). An additional consideration is the interests of judicial economy in allowing

the appeal to proceed. See *Commonwealth* v. *White*, 429 Mass. at 265 ("dismissal of the appeal provides an additional ground for yet another motion for postconviction relief based on the claim of ineffective assistance of counsel for failure to file the notice of appeal within the time specified by rule 4[b]").

We start the analysis with the presumption that the mailing of a properly addressed letter is *prima facie* evidence of receipt by the intended recipient. See *Eveland* v. *Lawson*, 240 Mass. 99, 103 (1921) ("[t]he depositing of a letter in the post office, postage prepaid, properly addressed to a person at his place of business or residence, is *prima facie* evidence that it was received in the ordinary course of mails"); *Anderson* v. *Billerica*, 309 Mass. 516, 518 (1941) ("[t]he mailing, postage prepaid . . . , of a properly addressed letter is *prima facie* evidence of its receipt by the addressee"); *Mutual Bank for Sav.* v. *Silverman*, 13 Mass. App. Ct. 1059, 1060-1061 (1982), overruled in part on other grounds, *Carmel Credit Union* v. *Bondeson*, 55 Mass. App. Ct. 557, 561 (2002) ("[e]vidence of the mailing will ordinarily warrant a finding that the notice was received by the intended recipient"). In light of such a presumption, there would be no abuse of discretion in crediting the undisputed statements made in the affidavits of appellate counsel and trial counsel that trial counsel drafted and mailed the notice of appeal in a timely manner. Here, the single justice had to determine whether the failure of trial counsel to *verify* that the notice of appeal had been received and filed by the clerk amounted to a showing of good cause sufficient to permit an enlargement of time. See *Shaev* v. *Alvord*, 66 Mass. App. Ct. at 912 ("discretion must focus on the nature of the acts or failures to act that are offered up as excusable neglect"). While the single justice did not state particular findings as to "good cause," he did cite to *Commonwealth* v. *White*, 429 Mass. at 264, which identifies the importance of rights lost to the defendant should the defendant's motion for enlargement be denied as a consideration in a good cause showing. Weighing the importance of the rights lost to Barboza,[7] the specific reason provided for the absence of a

---

[7]We need not address whether in a civil case the failure of trial counsel to verify receipt of the notice of appeal would have provided a sufficient basis

timely filed notice of appeal,[8] and that the motion to file the late notice of appeal fell within the one-year time limit recognized in rule 14(b)," [w]e do not think that the single justice abused [his] discretion in allowing the motion to deem the notice of appeal timely." *Commonwealth* v. *Abreu,* 66 Mass. App. Ct. at 798.

*Order of the single justice dated*
*March 1, 2006, affirmed.*

---

for a showing of good cause (or excusable neglect).

[8]In the future, we would strongly urge the criminal defense bar to change its practices in light of the responsibility of trial counsel to continue to represent the defendant on appeal until the trial court permits withdrawal. Mass.R.A.P. 3(e), as amended, 430 Mass. 1602 (1999). See *Commonwealth* v. *Burns,* 43 Mass. App. Ct. at 266. This situation could be avoided if trial counsel verified receipt of the notice of appeal by, for example, confirming receipt with the clerk's office or sending the notice of appeal by certified mail or return receipt requested. See *Carmel Credit Union* v. *Bondeson,* 55 Mass. App. Ct. at 560 ("Notice by certified or registered mail is a common method of providing notice in business, governmental, and legal contexts and is considered 'reasonably calculated' to provide actual notice"). See 1 Ahearn, Appellate Practice in Massachusetts § 11.2.1 (Mass. Cont. Legal Educ. 2d ed. 2000 & Supp. 2004) ("In criminal cases in which the defendant is represented by counsel at trial . . . , trial counsel must continue representation until permitted to withdraw by the trial court and until an appearance is filed by successor counsel. If counsel wishes to withdraw, a motion to withdraw should be filed at the time of filing the notice of appeal. Counsel is responsible for marking up the motion for hearing within seven days after filing. If the lower court allows the motion to withdraw and if the defendant is indigent, the judge will assign the Committee for Public Counsel Services [CPCS] to assume representation. Mass.R.A.P. 3[e]. See also G. L. c. 261, § 27B").