In December of 2008, the defendant admitted to sufficient facts on a charge of being an unlicensed private investigator, in violation of G. L. c. 147, § 23, and received a continuation without a finding (CWOF). Several months later, acting through counsel, the defendant moved to withdraw his admission[2] pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001), arguing that there was an inadequate factual basis to support the charge. No action was taken on the motion until January of 2012,[3] when a District Court judge denied it in a margin order. According to the defendant, he never received notice of the order and did not learn of it until June 16, 2015, when he went to the court house to review the file. On June 29, 2015, the defendant, by this time pro se, filed a notice of appeal.
Thereafter, the defendant filed a motion with a single justice of this court requesting an order directing the District Court to assemble the record. The single justice denied the motion without prejudice to renewal in the District Court. After unsuccessfully petitioning for relief from the Supreme Judicial Court, the defendant returned to the District Court and filed what he called a "motion for renewal of previously filed rule 30(b) motion." On September 1, 2016, a second judge denied that motion in a margin order, finding that "[t]he defendant has failed to establish a basis for 'renewal' of the motion previously decided by [the first judge] in 2012." The defendant filed a notice of appeal from the second judge's order on September 14, 2016. That appeal is now before us.
We conclude that the second judge did not commit "a significant error of law or other abuse of discretion" in denying the "motion for renewal." Commonwealth v. Sylvester, 476 Mass. 1, 5 (2016), quoting from Commonwealth v. Lavrinenko, 473 Mass. 42, 47 (2015). In the motion the defendant did little more than recite the procedural history of the case; he presented no argument why he was entitled to withdraw his plea. Granted, it is possible that the relief he was requesting was leave to file a late appeal from the first judge's 2012 order. But if that is the case, the second judge lacked authority to allow his request because, under Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), a trial court cannot extend the filing period for a notice of appeal beyond thirty days. See Commonwealth v. Barboza, 68 Mass. App. Ct. 180, 182 (2007). And to the extent the defendant renews any such request on appeal, we too are without authority to provide him relief. Under Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), even where there is good cause, "neither the appellate court nor a single justice may enlarge the time for filing a notice of appeal beyond one year ... from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later." The defendant's first notice of appeal was not filed until more than three years after the first judge's order. Thus, we have no power to deem the appeal timely. See Commonwealth v. White, 429 Mass. 258, 262-263 (1999) ; Barboza, 68 Mass. App. Ct. at 183.[4]
The merits of the defendant's original rule 30(b) motion are therefore not properly before us. But even assuming, for sake of argument, that we could reach the merits, we would discern no substantial error of law or other abuse of discretion in the first judge's ruling. "[A] judge accepting a guilty plea 'is not required to determine whether the defendant is or is not guilty of the offense charged.' " Commonwealth v. Armstrong, 88 Mass. App. Ct. 756, 758 (2015), quoting from Commonwealth v. Jenner, 24 Mass. App. Ct. 763, 773 (1987). Rather, the judge "need determine only whether the evidence which he had heard, plus any information he has obtained in the plea hearing, is sufficient, when considered with reasonable inferences which may be drawn therefrom, to support the charge to which the defendant is offering a plea of guilty." Ibid. Here, the defendant was charged under G. L. c. 147, § 23, inserted by St. 1960, c. 802, § 1, which provides in relevant part that "[n]o person shall engage in, advertise or hold himself out as being engaged in ... private detective business ... unless licensed." According to the Commonwealth's recitation of facts at the plea hearing,[5] an officer was dispatched to a residence after receiving a report of a "suspicious man," later identified as the defendant. The resident of the home told the officer that the defendant spoke to her and "claimed to be a private investigator" when, by reasonable inference, he was not licensed as such. These facts were adequate to provide a factual basis for the charge that the defendant "[held] himself out" to be a private investigator in violation of G. L. c. 147, § 23.
Order dated September 1, 2016, affirmed.

We will use "admission" and "plea" interchangeably.

The defendant claims that the delay was attributable to the District Court judge's ruling "that no motions [would] be heard while [the defendant was] in default" of his probation. The docket does not reflect any such notation, however. Although the notation does appear on a letter attached as an exhibit to the defendant's brief, the letter is unaccompanied by an affidavit attesting that it is true and accurate and providing the context in which it was sent and received. In any event, the issue is not material to our decision.

We note also that the charge against the defendant was dismissed on June 16, 2015, by operation of the CWOF, rendering "moot any defects in the underlying proceedings." Burns v. Commonwealth, 430 Mass. 444, 447 (1999).

The defendant has not provided us with a transcript of the plea hearing but does attach as an exhibit to his brief an affidavit from his former attorney, which purports to provide "a true and accurate transcription of" a portion of the hearing. The Commonwealth argues that this affidavit is unreliable and insufficient to meet the defendant's burden to provide a record adequate for appellate review. We will assume that the affidavit is accurate, however, as the issue does not affect our decision.