This appeal involves two cases brought against the defendant in the District Court. The first case arose out of events occurring in Pittsfield (the Pittsfield case), and the second arose out of events occurring in Great Barrington (the Great Barrington case). In the Pittsfield case, on May 17, 2016, a jury found the defendant guilty of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b ), and vandalism, G. L. c. 266, § 126A.[2] The judge sentenced the defendant to one year in the house of correction on each count, to be served concurrently. The defendant did not file a notice of appeal from the convictions.
On April 11, 2016 -- while out on bail in the Pittsfield case before it was tried -- police arrested the defendant in Great Barrington for assault and battery on a family or household member, G. L. c. 265, § 13M (a ). A judge set bail on that case at $ 1,000, which the defendant did not post. The judge reduced the defendant's bail to personal recognizance on May 5, 2016,[3] and on June 23, 2016, at the defendant's request, dismissed the Great Barrington complaint without prejudice. Thereafter on August 11, 2016, the defendant moved in the Pittsfield case to have the time he served while awaiting trial in the Great Barrington case credited towards his sentence imposed roughly three months earlier. The trial judge in the Pittsfield case denied this motion on August 24, 2016. The defendant filed a notice of appeal from the denial of the motion.
On appeal, the defendant argues that the judge in the Pittsfield case erred by (1) committing certain errors that prevented a fair trial, and (2) denying his motion for sentence credit. The defendant asks that we vacate his convictions or order that he receive credit for time served in the Great Barrington case. We affirm the order denying sentence credit, but we do not address the merits of the defendant's convictions because there is no direct appeal before us.
Discussion. a. Pittsfield convictions. The defendant contends that we should vacate his convictions in the Pittsfield case primarily because the trial judge erred in (1) failing to uphold the defendant's challenges to certain jurors, (2) refusing to give a requested self-defense instruction, and (3) allowing the prosecutor essentially to instruct the jury on the law during closing argument.
We need not address the merits of the defendant's contentions, however, because there is no appeal from those convictions before us. See Mass. R. A. P. 3 (a), as amended, 378 Mass. 927 (1979); Mass. R. A. P. 4 (b), as amended, 431 Mass. 1601 (2000); Commonwealth v. Kardas, 93 Mass. App. Ct. 620, 621 (2018). Pursuant to the Rules of Appellate Procedure, a criminal defendant must file a notice of appeal "with the clerk of the lower court within thirty days after entry of the judgment or order appealed from ... or the imposition of sentence." Mass. R. A. P. 4 (b). If the defendant can demonstrate "excusable neglect," however, the "lower court may extend the time for filing the notice of appeal ... for a period not to exceed thirty days from the expiration of the time" to file the notice of appeal. Mass. R. A. P. 4 (c), as amended, 378 Mass. 928 (1979). See Commonwealth v. Pappas, 432 Mass. 1025, 1026 (2000). Read together, these rules provide that a lower court may enlarge a defendant's time to file a notice of appeal up to sixty days after a judgment or order enters or sentence is imposed. See Commonwealth v. Pixley, 48 Mass. App. Ct. 917, 917 n.3 (2000).
Moreover, if a defendant demonstrates "good cause," an "appellate court or a single justice ... may upon motion enlarge the time" to file a notice of appeal, "or may permit an act to be done after the expiration of such time." Mass. R. A. P. 14 (b), as amended, 378 Mass. 939 (1979). The "determination of good cause falls within the sound discretion of the appellate court." Commonwealth v. Barboza, 68 Mass. App. Ct. 180, 183 (2007). When evaluating "good cause" in a criminal case, we consider "the importance of the rights lost to the defendant should his motion for enlargement be denied" (citation omitted). Id. at 184.
Yet even if the defendant could demonstrate good cause, we do not have the authority to extend the time to file a notice of appeal "beyond one year ... from the date of the verdict or finding of guilt or the date of imposition of sentence, whichever date is later." Mass. R. A. P. 14 (b). See Kardas, 93 Mass. App. Ct. at 623 ; Barboza, 68 Mass. App. Ct. at 183. Where, as here, a defendant fails to file a notice of appeal from the judgments, and further fails to demonstrate either "excusable neglect" by timely motion filed in the trial court, or "good cause" by timely motion filed in the appellate court, there is no direct appeal before us. See Kardas, supra at 621 ("failure to file notice of appeal results in loss of right to direct appeal"), citing Commonwealth v. Cowie, 404 Mass. 119, 119-120 (1989).
Here, the defendant did not file a notice of appeal from his Pittsfield convictions, nor did he file a motion to enlarge the time to file a notice of appeal with either the District Court or with this court.[4] The defendant was sentenced in the Pittsfield case on May 17, 2016. Accordingly, the defendant should have filed a notice of appeal from his convictions no later than June 16, 2016. Even if we were to construe the defendant's motion for sentence credit as a motion to file a late notice of appeal from his convictions in the Pittsfield case, the filing was still untimely.[5] The defendant did not file his motion for sentence credit until August 11, 2016, nearly two months after the thirty-day deadline expired. See Mass. R. A. P. 4 (b).
Moreover, the defendant did not attempt by motion to demonstrate either "excusable neglect" to the trial court, or "good cause" to this court, to warrant an enlargement of time to file an appeal. See Mass. R. A. P. 4 (c), 14 (b) ; Pappas, 432 Mass. at 1026 ; Barboza, 68 Mass. App. Ct. at 183.[6] Because more than two years have passed since the defendant's sentencing, we are without the authority to enlarge his time to file a notice of appeal. See Mass. R. A. P. 14 (b) ; Kardas, 93 Mass. App. Ct. at 623 ; Barboza, supra. We also cannot allow the defendant to use his appeal from the order denying his motion for credit for time served as a vehicle "to compel the review of issues ... on which the defendant has forgone the opportunity." Commonwealth v. Balliro, 437 Mass. 163, 166 (2002). Given the defendant's failure to file a notice of appeal from his convictions, or a motion to enlarge time to file such an appeal, we must disregard the defendant's arguments challenging his convictions in the Pittsfield case.
b. Motion for credit for time served. The only notice of appeal that the defendant filed was directed to the denial of his motion in the Pittsfield case for credit for time he served while awaiting trial in the Great Barrington case. The defendant argues that the judge erred in denying that motion because he claims he served so-called "dead time" while awaiting trial in the Great Barrington case. The term "dead time" generally refers to "time spent in confinement for which no day-to-day credit is given against any sentence." Commonwealth v. Milton, 427 Mass. 18, 21 n.4 (1998). A defendant is "entitled to credit for time spent confined to jail before sentencing so long as that confinement is related to the criminal episode for which the prisoner is then sentenced" (citation omitted). Commonwealth v. Barton, 74 Mass. App. Ct. 912, 913 (2009). Conversely, "time spent in custody awaiting trial for one crime generally may not be credited against a sentence for an unrelated crime." Williams v. Superintendent, Mass. Treatment Ctr., 463 Mass. 627, 631 (2012), quoting Milton, supra at 24.
"[C]onsiderations of fairness guide our determination whether and to what extent credit is due" for time served on unrelated sentences. Commonwealth v. Holmes, 469 Mass. 1010, 1011 (2014). When evaluating whether to credit time served on unrelated crimes, we must balance two principles; first, the need to prevent "dead time," or "time served under an invalid sentence for which no credit is given" (citation omitted), Commonwealth v. Walters, 479 Mass. 277, 282 n.6 (2018), and second, the prohibition on prisoners " 'bank[ing] time' from an earlier conviction toward a new conviction" (citation omitted). Holmes, supra. These principles prevent a criminal defendant from accumulating a "line of credit for future crimes" (citation omitted), id. at 1012, while still ensuring "fair treatment of the prisoner" (citation omitted). Williams, 463 Mass. at 631-632.
We conclude that the judge in the Pittsfield case properly denied the defendant's motion for credit for the time he served while awaiting trial in the unrelated Great Barrington case. The defendant did not serve "dead time" for the Great Barrington case. See Walters, 479 Mass. at 282 n.6 ; Holmes, 469 Mass. at 1011. The judge dismissed the Great Barrington case at the defendant's request, without prejudice. Thus, the defendant did not have an "invalid" sentence in the Great Barrington case because the prosecutor could have sought a new complaint on that charge, meaning that the time the defendant served awaiting trial in that case does not qualify as "dead time." Moreover, at this point, given that the defendant has likely completed his sentence in the Pittsfield case,[7] crediting the defendant now for time served awaiting trial in the Great Barrington case would be akin to the defendant improperly "bank[ing]" time "for future crimes" (citation omitted). Holmes, supra at 1011, 1012. Finally, although the defendant contends that principles of fairness required the judge to allow his motion for credit, the defendant did not raise the dead time issue during his sentencing in the Pittsfield case, despite the fact that the purported dead time occurred before the verdicts in that case.[8] Given that the defendant's two cases are unrelated, and because he did not serve "dead time" as defined under the case law, or demonstrate any unfairness, the judge correctly denied the defendant's motion for credit for time served. See Holmes, 469 Mass. at 1011-1012 ; Williams, 463 Mass. at 631-632.
Conclusion. For the reasons stated above, we disregard the defendant's challenges to his convictions in the Pittsfield case, and we affirm the order denying the defendant's motion for credit for time served awaiting trial in the Great Barrington case.[9]
Order denying motion for credit for time served affirmed.

The jury acquitted the defendant of strangulation, G. L. c. 265, § 15D, and larceny from a person, G. L. c. 266, § 25 (b ).

The relevant docket entry is dated May 18, 2016, but the parties agree that May 5 was the day of the defendant's actual release. Any inaccuracy on this point is immaterial to our analysis.

The defendant did file two motions to enlarge the time to file his appellate brief and appendix, which we allowed.

Even a motion for reconsideration can only "revive" a party's right to appeal an issue if the party brings the motion "within [the] period allocated for noticing [an] appeal." Commonwealth v. McConaga, 79 Mass. App. Ct. 524, 529 (2011), citing Commonwealth v. Montanez, 410 Mass. 290, 294 nn.4, 5 (1991).

We cannot evaluate whether good cause or excusable neglect existed to explain the defendant's failure to appeal his convictions, because the defendant did not move to enlarge the time to file a notice of appeal, and consequently did not explain the circumstances resulting in his late appeal. See Barboza, 68 Mass. App. Ct. at 183-185.

The judge in the Pittsfield case sentenced the defendant to one year (concurrent on each charge) in the house of correction on June 17, 2016, so the defendant's sentence was set to end on June 17, 2017.

The defendant argues that the dead time occurred between April 11, 2016, the date of his arrest in the Great Barrington case, and May 5, 2016, when the judge eliminated his bail and released him on personal recognizance. The sentencing in the Pittsfield case took place on May 17, 2016.

To the extent that we do not address the defendant's other contentions, "they 'have not been overlooked. We find nothing in them that requires discussion.' " Department of Revenue v. Ryan R., 62 Mass. App. Ct. 380, 389 (2004), quoting Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).