*Ilse Nehring* for the defendant.

DAVID SHAEV *vs.* JOEL B. ALVORD & others.[1] No. 05-P-1053. June 5, 2006. *Practice, Civil,* Notice of appeal, Enlargement of time. *Words,* "Excusable neglect."

On March 23, 2005, a judge of the Superior Court allowed the defendants' motion to dismiss this shareholder derivative action on the ground that the plaintiff failed to comply with Mass.R.Civ.P. 23.1, 365 Mass. 768 (1974), by not alleging with sufficient particularity the reasons for his failure to make a demand on the board of directors prior to filing suit. Judgment dismissing the action was entered on March 28, 2005, and the clerk sent notice of the decision and judgment by mail that day to the partner who had appeared for the firm serving as local counsel. The plaintiff's New York counsel, who had been admitted pro haec vice,[2] was not sent a separate notice. Under Mass.R.A.P. 4(a), as amended, 430 Mass. 1603 (1999), a notice of appeal was due to be filed within thirty days of March 28, 2005. It was not.

Having missed the thirty-day deadline, the plaintiff was required, under Mass.R.A.P. 4(c), 378 Mass. 928 (1979), to file a motion seeking leave to file an appeal late within the next thirty days. Such a motion was filed on May 24, 2005, fifty-seven days after entry of judgment, along with a notice of appeal.

A motion for leave to file a notice of appeal late may only be allowed upon a showing of "excusable neglect." Mass.R.A.P. 4(c). *BJ's Wholesale Club, Inc.* v. *City Council of Fitchburg,* 52 Mass. App. Ct. 585, 587-589 (2001). The facts upon which the plaintiff relied to support its claim of excusable

---

[1]William Barnet, Third, Daniel P. Burnham, Paul J. Choquette, Jr., Kim B. Clark, John T. Collins, Gary L. Countryman, T. J. Dermot Dunphy, Charles K. Gifford, Marian L. Heard, Robert M. Kavner, Thomas J. May, Donald F. McHenry, Henrique DeCampos Meirellis, Terrence Murray, Michael B. Picotte, Francene S. Rodgers, Thomas M. Ryan, T. Joseph Semrod, Paul R. Tregurtha, and FleetBoston Financial Corporation.

[2]The motion to admit him was filed May 24, 2004, but not formally allowed until March 23, 2005.

neglect are as follows. A senior partner and an associate from the firm serving as the plaintiff's local counsel both had filed appearances with the court. Notice of the judgment was sent to senior counsel. Senior counsel had assigned to the associate the duty of keeping New York counsel (who was lead counsel) informed of developments. The associate mistakenly believed that senior counsel had forwarded copies of the order and judgment to New York counsel "due to a miscommunication."[3] Only when New York counsel inquired as to the status of the motion to dismiss did the plaintiff's local and New York counsel realize that New York counsel had not been notified by local counsel of the court's decision.

In concluding that these acts constituted excusable neglect, the Superior court judge noted that the matter was an important one to the parties, that the legal issues were significant and debatable, and that the client should not suffer the consequences of the lawyer's neglect. These are simply not factors that are relevant to an analysis whether the neglect involved was excusable.

The concept of excusable neglect is meant to apply to circumstances that are unique or extraordinary, not to any "garden-variety oversight." *Feltch* v. *General Rental Co.*, 383 Mass. 603, 613-614 (1981). *Bernard* v. *United Brands Co.*, 27 Mass. App. Ct. 415, 418 n.8 (1989). Compare *Tai* v. *Boston*, 45 Mass. App. Ct. 220, 223-224 (1998) (noting that "simple oversight" is not excusable neglect, but holding that indulgence was justified in the particular circumstances where the Superior Court judge exercised discretion to relax an alternative dispute resolution procedure devised by the court and allowed a party to move to vacate a judgment entered for failure to follow the time limits set for that procedure by the court itself, not by a statute, regulation, or uniform rule of procedure). As set forth in *Tai* v. *Boston*, *supra* at 223, "the Reporters' Notes to Mass.R.Civ.P. 60(b)(1) . . . state: 'It seems clear that relief will be granted only if the party seeking relief demonstrates that the . . . neglect was excusable and was not due to his own carelessness. . . . The party seeking the relief bears the burden of justifying failure to avoid the mistake or inadvertence."

Although the trial judge has discretion to allow a motion to extend the time for filing a notice of appeal within the time limits noted above, that discretion is cabined by the principle of excusable neglect. Where the record does not show facts sufficient to warrant a finding of excusable neglect, there is no room within which judicial discretion can operate. See *Fergione* v. *Minuteman Regional Vocational Tech. Sch. Dist.*, 396 Mass. 1015, 1016 (1986). Discretion is not granted to the judge to allow late filing of a notice of appeal simply because the matter is important to the parties, the issues to be raised in the ap-

---

[3]The nature of this "miscommunication" is obscure. The affidavit filed in support of the motion to extend time states that, although only the senior partner received the notice from the clerk, the associate mistakenly believed the senior partner had sent them on to New York counsel, and thus did not do so himself. This means, of course, that the associate had actual timely knowledge of the notices even though he did not receive copies from the court. Nothing in the affidavit shows the associate's failure to send the notices to New York counsel to be based on anything other than an erroneous assumption on his part.

peal are debatable, or the consequences to the losing party are harsh.[4] Rather, such discretion must focus on the nature of the acts or failures to act that are offered up as excusable neglect.

Here there was a failure of the most elementary principles of intramural communication. There was no particular circumstance provided in the record to explain why the senior partner and associate failed to communicate or why local counsel failed to supervise its operations to keep out-of-State counsel informed of important decisions and deadlines. Nor is it any excuse that referring counsel was admitted only pro haec vice. In such cases counsel undertake to become informed of and adhere to local rules of practice. In any event, local counsel are retained precisely for the purpose of steering clear of problems created by local rules.

*Order allowing motion to extend time*
*to file notice of appeal reversed.*
*Appeal dismissed.*

*Irving Bizar,* of New York (*Theodore M. Hess-Mahan* with him) for the plaintiff.

*John D. Donovan, Jr.,* for Joel B. Alvord & others.

*Robert J. Muldoon, Jr.,* for FleetBoston Financial Corporation, was present but did not argue.


---

[4]The plaintiff cites the following language in *Standard Register Co.* v. *Bolton-Emerson, Inc.,* 35 Mass. App. Ct. 570, 574 (1993): "We believe that procedural rules (including administrative directions) should be faithfully followed and derelictions condignly discouraged or sanctioned. But though procedural law has some claims of its own, its main function is to facilitate adjudication on the merits — not to abort such inquiry and decision. The courts of the Commonwealth have long been committed to this understanding of the subject." The court was referring in that case, of course, to a possible error by the clerk's office which may have created an ambiguity as to when judgment was actually rendered, and which diligent inquiry by counsel to the clerk's office would not have disclosed. That is not the case here. In any event, the court held that the notice of appeal was timely filed, not that some neglect was held to be excusable.

