Lemire, James R., J.
This matter is before the court on defendant’s Motion to Dismiss For Lack of Jurisdiction and Failure to Exhaust Administrative Remedies. Defendant, the Executive Office of Health and Human Services, Office of Medicaid (“the agency”), is the single state agency authorized to administer Med *298 icaid benefits through the MassHealth program (“MassHealth”). G.L.c. 118E, §§1, 9A. This action is an administrative appeal brought pursuant to G.L.c. 30A, §14. The defendant argues that because the plaintiff both filed an untimely appeal of an agency action with the Board of Hearings and then filed an untimely complaint for judicial review, that the complaint should be dismissed for failure to exhaust administrative remedies and for lack of subject matter jurisdiction under G.L.c. 30A, §14. The court heard oral argument on October 3, 2007. For the reasons discussed below, defendant’s motion is DENIED.
The relevant facts are as follows. On March 22, 2006, MassHealth issued a notice approving Medicaid benefits for nursing home care for plaintiff Oliver L. Dumas with an eligibility date of October 15, 2005. The notice indicated that plaintiffs patient-paid amount to the nursing facility was $271.19. The notice contained the agency’s standard language regarding appeal rights:
[Y]ou have the right to appeal and receive a fair hearing before an impartial hearing officer. The Division must receive your request for a fair hearing no later than 30 days from the date you received the Division’s official written notice notifying you of the action to be taken.
Plaintiff Bertha M. Dumas, wife and guardian of Oliver Dumas, composed a letter requesting a fair hearing at the Board of Hearings regarding her husband’s patient-paid amount, which letter was dated April 20,2006. The letter was not received at the Board of Hearings until May 1, 2006. By notice dated May 24, 2006, the Board of Hearings denied the request for a hearing on the basis that the request was received beyond the 30-day time limit for appeal pursuant to 130 C.M.R. 610.015 and 610.035. Plaintiffs requested the denial be vacated on May 31, 2006. The Board denied the request to vacate because the original request for a fair hearing was untimely and issued a final notice denying the plaintiffs’ request for a fair hearing on June 2, 2006. The plaintiffs filed a complaint for judicial review on July 12, 2006.
At the October 3, 2007 hearing, the plaintiffs daughter testified and submitted a letter from her mother’s cardiologist dated May 17, 2007. The daughter testified that her mother had been hospitalized for coronary problems during the time periods of the fair hearing appeal and the court filing. The letter from Dr. Joseph Benotti indicated that on March 6, 2006, 82-year-old Bertha Dumas had undergone “coronary artery angioplasty and stent placement to open blocked coronary arteries.” The letter continued to say that after her discharge “Mrs. Dumas remained physically debilitated and somewhat compromised. Because of her failure to thrive she was readmitted to the hospital in June 2006 and subsequently transferred to a skilled nursing facility. There she underwent several weeks of cardiac rehabilitation.” Dr. Benotti describes Bertha Dumas as a legally competent adult and was of the opinion that her condition was such that she could not attend to the time sensitive matters of the fair hearing and the court filing without jeopardizing her recovery. In his judgment Bertha Dumas’s condition was such that emotional upset during this time could possibly have led to “serious or even fatal consequences. ”
The defendant argues that since the plaintiffs request for a fair hearing was received on May 1, 2006, their dismissal of the request was proper as the request was not received within 30 days of the receipt of their notice. The defendant points out that the fair hearing regulations do not allow the Board discretion in dismissing an untimely appeal, regardless of the reasons an appellant presents. Therefore, the defendant contends that since their dismissal was proper and the plaintiff failed to exhaust all administrative remedies, their motion to dismiss should be allowed. The defendant similarly argues that plaintiffs 30A appeal should be dismissed as it too was untimely filed. In support of this argument the defendant points to the facts that the final notice of their decision issued on June 2, 2006 and the plaintiff filed this action on July 12, 2006, essentially 10 days too late. This court does not agree and feels that to do so would cause an unjust result. Recognizing that the fair hearing request and the 30A appeal were filed within 10 days or less[2] of their due dates and considering this in light of Bertha Dumas’s health at that time, the court finds that the delays were the result of excusable neglect. The court finds that Bertha Dumas’s cardiac condition as outlined by Dr. Benotti and testified to by her daughter prevented her from complying with the 30-day time limit to request a fair hearing and to file her 30A appeal. The circumstances surrounding her health condition, hospitalization and rehabilitation are unique and extraordinary. The explanation of the delay is not a “garden variety oversight” and clearly not due to carelessness on the part of Bertha or Oliver Dumas. See Shaev v. Alvord, 66 Mass.App.Ct. 910 (2006), and cases cited.
ORDER
For the reasons discussed above, defendant’s motion to dismiss is DENIED. The Court further ORDERS that this matter be remanded to the Office of Medicaid, Board of Hearings and that a fair hearing on the decision of MassHealth dated March 22, 2006 be conducted.

The initial decision was dated March 22, 2006 and the final decision was dated June 2, 2006; although there is no testimony regarding the dates they were received, the court takes judicial notice that the plaintiff received the decision on a date after March 22, 2006 and June 2, 2006 respectively.