On appeal, the plaintiff argues that the single justice erred in denying her motion pursuant to Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979), for leave to file a late notice of appeal. We affirm the single justice's order, which we review for abuse of discretion. See Troy Indus. v. Samson Mfg., 76 Mass. App. Ct. 575, 581 (2010).
A motion for leave to file a notice of appeal late may be allowed upon a showing of excusable neglect and meritorious issues on appeal. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975) ; Shaev v. Alvord, 66 Mass. App. Ct. 910, 910 (2006). The single justice was within his discretion to conclude that the plaintiff had shown neither. First, the plaintiff's misunderstanding regarding the deadline to file a notice of appeal was not excusable neglect under rule 14(b). See Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). See also Shaev, supra at 911-912 (miscommunication between counsel that caused plaintiff to miss notice of appeal deadline was not excusable neglect).
Second, the plaintiff failed to show that her underlying appeal has merit. See Tisei, 3 Mass. App. Ct. at 379. The motion judge dismissed the plaintiff's complaint as barred by the statute of limitations because the documentary evidence showed that she was on notice of her claims more than three years before she filed suit. Although the plaintiff asserted that the motion judge mistakenly used a September, 2015, filing date (rather than July, 2015), the complaint would still be untimely because the plaintiff was on notice at the latest in January, 2012. Next, citing the affidavit of counsel, the plaintiff asserted that there are factual disputes regarding whether she had notice. However, the affidavit did not address that issue.[4]
Order denying renewed motion for enlargement of time to file notice of appeal affirmed.

The defendant's request for appellate attorney's fees is denied.