NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-823

DANIEL E. SULLIVAN, THIRD

vs.

CAITLIN FLAHERTY[1] & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2015, a Superior Court judge allowed the defendant Caitlin Flaherty's motion to dismiss and ordered the plaintiff to pay the defendant's attorney's fees; a separate and final judgment entered to that effect. The plaintiff did not appeal from that judgment. In 2021, with no payment made by the plaintiff, a Superior Court judge issued a judgment in aid of execution in the amount owed, and in 2022 a different Superior Court judge entered an order permitting the defendant leave to file for additional attorney's fees. The defendant appealed from the judgment and order, and the records were assembled by the trial court. After the deadline for docketing the appeals

_____

[1] Caitlin Flaherty, aka Caitlin F. Wonson, Caitlin E. Wonson.
[2] Kevin Morris, Kimberly Jones, Todd Goodwin, Timothy Cleary, Brian Gentry, Paul Catanoso, and Michael Mackinnon.

lapsed, the plaintiff filed a motion with a single justice of this court seeking leave to late docket the appeals.  The single justice denied relief ruling that the plaintiff failed to establish excusable neglect and denied a motion for reconsideration.  This appeal followed.  We affirm the order of the single justice.

1.  Background.  We summarize the relevant procedural background.  In 2014, the plaintiff, Daniel E. Sullivan, Third, filed an action against the defendant, Caitlin Flaherty and several others, alleging various civil rights violations.  In 2015, Flaherty's motion to dismiss was allowed, and the plaintiff was ordered to pay Flaherty's attorney's fees.  In 2021, a Superior Court judge issued a judgment in aid of execution of the order.  A different Superior Court judge, finding that the plaintiff had committed a fraud upon the court, entered a subsequent order allowing Flaherty leave to file for additional attorney's fees.  The plaintiff noticed a timely appeal from both of these orders.  However, the plaintiff failed to timely docket either appeal under Mass. R. A. P. Rule 10 (a) (1), as appearing in 481 Mass. 1618 (2019), which requires an appellant to enter a case within fourteen days of receipt of the notice of the assembly of the record.[3]

---

[3] Rule 10 (a) (1) states that "[w]ithin 14 days after receiving from the clerk of the lower court the notice of assembly of the

2

After the deadline for docketing the appeals expired under rule 10 (a) (1), the plaintiff filed a motion in the single justice session of this court requesting that he be allowed to docket the appeals late.[4]  He argued that his failure to timely docket the appeals should be considered excusable neglect because he was busy preparing for anticipated depositions and because he was focusing on filing a motion to consolidate the two appeals.  On August 3, 2022, the single justice denied relief, concluding that the plaintiff failed to establish that his failure to docket the appeals timely was due to excusable neglect.  A motion to reconsider was also denied.  The plaintiff filed a notice of appeal from the single justice order denying his motion to docket the appeals late.[5]

2.  Discussion.  We review the single justice's decision "for errors of law, and if none appear, for abuse of discretion."  Troy Indus., Inc. v. Samson Mfg. Corp., 76 Mass.

---

record, each appellant, including each cross-appellant and each appellant in a joint appeal, shall pay to the clerk of the appellate court the docket fee required by law or request waiver of the fee, and the clerk shall thereupon enter the appeal of such appellant or cross-appellant upon the docket.  If an appellant is authorized to prosecute the appeal without payment of fees, the clerk shall enter the appeal upon the docket at the written request of a party."
[4] It is undisputed that the plaintiff missed the deadlines to docket his appeals.
[5] Along with the motion for reconsideration, the plaintiff filed a motion "to empanel a three-judge panel."  This motion was treated as a notice of appeal of the August 3, 2022, order by the single justice.

App. Ct. 575, 581 (2010). "[T]he burden of showing an abuse of discretion is a difficult one to carry." Id.

On appeal, the plaintiff offers several additional reasons why the motion to late docket the appeals should have been allowed including a claim that the clerk's office failed to properly provide notice and that his appeal was meritorious. To be clear, the only matter properly before the court is the single justice decision entered on August 3, 2022, in which the single justice, finding that the plaintiff failed to establish excusable neglect, denied the motion to late docket the appeals. In cases in which an appellant fails to docket a civil appeal in a timely manner, pursuant to rule 10 (a) (1), as a threshold matter, the appellant must demonstrate that the delay was caused by excusable neglect. See Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019). "Excusable neglect" has been defined to encompass "circumstances that are unique or extraordinary, not [] any 'garden-variety oversight.'" Id. at 123; quoting Sheav v. Alvord, 66 Mass. App. Ct. 910, 911 (2006).

We see no error of law or abuse of discretion in the single justice's denial of the motion to late docket the appeals. The plaintiff argues that he committed excusable neglect because he "admittedly was overwhelmed and inundated by the vast coordinated flow [of] paperwork of opposing counsels that required his timely reply." We cannot say that it was an abuse

4

of discretion for the single justice to find that preparing for anticipated depositions, handling legal paperwork, and consolidating two appeals does not amount to excusable neglect.[6] While we are mindful of the fact that the plaintiff has filed these motions pro se, his failure to timely docket the appeals cannot be overlooked.  See <u>Brown</u> v. <u>Chicopee Fire Fighters Ass'n, Local 1710, IAFF</u>, 408 Mass. 1003, 1004 n.4 (1990) ("Although some leniency is appropriate in determining whether pro se litigants have complied with the rules of procedure, the rules nevertheless bind pro se litigants as all other litigants").

<u>Order of the single justice entered August 3, 2022, affirmed</u>.

By the Court (Rubin, Neyman & Walsh, JJ.[7]),

Clerk

Entered:  November 8, 2023.

---

[6] We note that, although it is not before us, the plaintiff's motion for reconsideration does not offer any additional insight into his failure to timely docket the appeals and its denial was not an abuse of discretion.

[7] The panelists are listed in order of seniority.