NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-712

C.M.

vs.

D.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

C.M. (husband), the former spouse of D.M. (wife), appeals from two orders, dated July 12, 2022, issued by a judge of the Probate and Family Court, denying two motions filed by the husband in May 2022. The first was a motion for leave to file a late notice of appeal from the corrected judgment of divorce nisi entered on January 8, 2020. The second was a motion to enlarge the time to comply with the appellate procedural rules in connection with his appeal from a May 6, 2021 judgment dismissing his complaint for modification. We affirm.

1. Motion for leave to file a late notice of appeal. An appeal "shall be taken by filing a notice of appeal with the clerk of the lower court." Mass. R. A. P. 3 (a) (1), as appearing in 481 Mass. 1603 (2019). In a civil case involving private parties, the notice "shall be filed with the clerk of

the lower court within 30 days of the date of the entry of the judgment, decree, appealable order, or adjudication appealed from." Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019). Massachusetts Rule of Appellate Procedure 4 (c) provides, in relevant part, that "[u]pon a showing of excusable neglect, the lower court may extend the time for filing the notice of appeal . . . for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this rule."

Because the husband waited more than two years to file a notice of appeal in connection with the divorce judgment, the judge did not have discretion under Rule 4 (c) to extend the time for filing a notice of appeal, as the husband requested. The judge was required to deny the motion for this reason alone. The husband also did not show "excusable neglect," which has been defined to encompass "circumstances that are unique or extraordinary, not [] any 'garden-variety oversight.'" Howard v. Boston Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 123 (2019), quoting Sheav v. Alvord, 66 Mass. App. Ct. 910, 911 (2006). To the contrary, the husband admitted that he made a strategic decision to file a motion to amend and a complaint for modification rather than timely appeal from the divorce judgment.

2. Motion to enlarge time. The husband did file on May 28, 2021, a timely notice of appeal from the Probate and Family

Court's judgment of dismissal of his complaint for modification. On October 7, 2021, the register of the court issued a notice of intent to dismiss the appeal for lack of prosecution unless the husband filed a motion to enlarge within fourteen days. The husband did not do so until May 24, 2022. In her rationale explaining the denial of that motion, the judge noted the husband's failure to prepare the transcripts or comply with other procedural rules to move his appeal forward. At that point, the husband had done nothing other than file an affidavit of indigency in December 2021, which was denied.

Rule 30 of the Supplemental Rules of the Probate and Family Court (2019) provides that if an appellant fails to take certain actions with respect to an appeal, including the filing of the transcript of the proceedings or the designated portions thereof (or the statement of certification) within the time required by Mass. R. A. P. 8 (b) (1), as appearing in 481 Mass. 1611 (2019), and Mass. R. A. P. 9 (d), as appearing in 481 Mass. 1615 (2019), the register shall send written notice that the appeal will be dismissed for lack of prosecution. The register will then dismiss the appeal unless the appellant files a motion to enlarge within fourteen days. Here, the judge effectively dismissed the husband's appeal by denying his late motion to enlarge, stating that he "has failed to take the required steps to move his appeal in the modification action forward for almost

3

fifteen (15) months and should not be allowed at this late date to pursue such an appeal."

We conclude that the judge did not abuse her discretion. See McCarthy v. O'Connor, 398 Mass. 193, 196 (1986).  The husband argues that immediately after he filed his notice of appeal, he was overwhelmed by working full-time, not being able to see his daughter, responding to the wife's allegations against him, and caring for his other children.  He also claims that he was saving up money to pay for the required transcripts. None of these circumstances justifies the failure to file a motion to enlarge within fourteen days, as required by court rules and the notice issued by the register, much less the failure to take any other step to prosecute the appeal for fifteen months.  And although the husband is proceeding pro se, he is held to the same standards as litigants who are represented by counsel.  Maza v. Commonwealth, 423 Mass. 1006,

4

1006 (1996).  See <u>Brossard</u> v. <u>West Roxbury Div. of the Dist.</u>
<u>Court Dep't</u>, 417 Mass. 183, 184 (1994).

<u>Orders dated July 12, 2022,</u>
  <u>affirmed</u>.

By the Court (Vuono,
  Massing & Toone, JJ.[1]),

Assistant Clerk

Entered:  March 28, 2024.

---

[1] The panelists are listed in order of seniority.