NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1095

ADOPTION OF RAHKEEM (No. 2).[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After decrees entered in the Juvenile Court terminating the mother's and the father's parental rights to Rahkeem, the mother's great aunt (aunt) and the aunt's son (cousin), who formerly were temporary custodians of Rahkeem, filed a combined motion for counsel, a new trial, and visitation.  The aunt and cousin asserted, among other things, that as custodians, they had a right to counsel under G. L. c. 119, § 29, both at the emergency custody hearing at which the temporary custody order was vacated,[2] and during the third-party custody hearing held in

_____

[1] The child's name is a pseudonym.  For purposes of oral argument, this case was paired with A.C. Docket No. 23-P-880 (Adoption of Rahkeem), also released today.

[2] Contrary to the assertions of the aunt and cousin, and as the trial judge found, the emergency custody hearing took place on March 15, 2021, within seventy-two hours of Rahkeem's removal.  See G. L. c. 119, § 24.

conjunction with the termination trial, where each was called by the father to testify.  On March 7, 2023, the trial judge denied the motion on the ground that the aunt and cousin lacked standing.  The aunt and cousin did not file a timely notice of appeal from that order.

On August 9, 2023, the aunt and cousin filed in the Appeals Court a motion for leave to file a late notice of appeal.  A single justice denied the motion, concluding that the aunt and cousin had not shown good cause for filing the notice of appeal late.  See Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019).  The aunt and cousin now appeal from the single justice's order.

We review for an abuse of discretion or error a single justice's decision on a motion for leave to file a late notice of appeal.  See Adoption of Patty, 489 Mass. 630, 636 n.9 (2022); Care & Protection of a Minor, 478 Mass. 1015, 1015 (2017).  In child welfare cases such as this one, "the notice of appeal shall be filed within 30 days from the date of the entry of the . . . appealable order."  Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).  Here, the time for the aunt and cousin to file a notice of appeal from the trial judge's order expired on April 6, 2023.  The aunt and cousin did not

2

seek leave to file their notice of appeal late until August 9, more than four months after the deadline.

If a party demonstrates both good cause and a meritorious case, a single justice or appellate court may enlarge the time for filing a notice of appeal up to one year from the date of entry of the order from which an appeal is sought. See Mass. R. A. P. 14 (b); Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 379 (1975). To demonstrate good cause, the movants must show that "the mistake, misunderstanding, or neglect was excusable and was not due to [their] own carelessness." Commonwealth v. Smith, 491 Mass. 377, 386 (2023), quoting Tai v. Boston, 45 Mass. App. Ct. 220, 223 (1998). A single justice does not have the discretion "to allow late filing of a notice of appeal simply because the matter is important to the parties, the issues to be raised in the appeal are debatable, or the consequences to the losing party are harsh. Rather, such discretion must focus on the nature of the acts or failures to act that are offered up as excusable neglect." Smith, supra, quoting Shaev v. Alvord, 66 Mass. App. Ct. 910, 911-912 (2006). Good cause does not include "[g]arden-variety oversight[s]" or "the usual excuse that the lawyer is too busy" (quotation and citations omitted). Smith, supra at 387.

3

In arguing that their neglect in not filing a timely notice of appeal was excusable, the aunt and cousin rely on an affidavit of the mother's counsel averring that on April 5, 2023, she attempted to file a notice of appeal on their behalf, but the Juvenile Court clerk's office refused to accept the notice because the mother's counsel "d[id] not represent" the aunt and cousin. The single justice concluded:

> "Even assuming that this would be sufficient to establish excusable neglect for not filing a notice of appeal within thirty days of the judge's March 7, 2023, decision, the aunt and cousin do not explain why they waited over four additional months, until August 9, 2023, before seeking leave to file a late notice of appeal. For this reason alone, they have failed to demonstrate an entitlement to relief."

We discern no error or abuse of discretion in the single justice's denial of the motion for leave to file a late notice

4

of appeal.[3]  See Care & Protection of a Minor, 478 Mass. at 1015.

Order of single justice dated
August 21, 2023, affirmed.

By the Court (Henry, Grant &
D'Angelo, JJ.[4]),

*Assistant Clerk*

Entered:  June 3, 2024.

---

[3] We further note that the "single, very limited issue that is properly before us is whether the single justice erred or abused h[er] discretion in denying" the motion for leave to file the notice of appeal late, but the brief of the aunt and cousin "focus[es] almost exclusively on the underlying merits" of the trial court rulings, and "address[es] only minimally the issue of the late notice of appeal."  Care & Protection of a Minor, 478 Mass. at 1015.  Because the appeal from the underlying merits is not before us, we do not reach those issues.

[4] The panelists are listed in order of seniority.