NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-59

JACKSON J. WERNER & others[1]

vs.

GLENDON B. NICKERSON, JR., & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Jackson J. Werner, James P. Werner, and Elizabeth Nickerson-Werner, purport to appeal from a final judgment issued by the Superior Court on their claims against the defendants, Glendon B. Nickerson, Jr., and the G.B. Nickerson Insurance Agency, Inc., for negligence, loss of consortium, and violations of G. L. c. 93A.  Concluding that the only judgment they have properly appealed is the judgment for costs in favor of the defendants and that they have raised no argument why that judgment is erroneous, we affirm.

_____

[1] James P. Werner and Elizabeth Nickerson-Werner.

[2] G.B. Nickerson Insurance Agency, Inc.

"A timely notice of appeal is a jurisdictional prerequisite to our authority to consider any matter on appeal." Wells Fargo Bank, N.A. v. Sutton, 103 Mass. App. Ct. 148, 152 (2023), quoting DeLucia v. Kfoury, 93 Mass. App. Ct. 166, 170 (2018). Furthermore, a "notice of appeal shall designate:  . . . in civil cases, the judgment, decree, adjudication, or separately appealable order from which the appeal is taken."  Mass. R. A. P. 3 (c) (1) (A) (ii), as appearing in 491 Mass. 1601 (2023).  A judgment or order not designated in the notice of appeal "is not properly before this court and will not be considered on appeal."  Robinson v. Boston, 71 Mass. App. Ct. 765, 771 (2008), quoting Siles v. Travenol Labs., Inc., 13 Mass. App. Ct. 354, 354 n.1 (1982).

Here, the final judgment dismissing the complaint was entered on July 25, 2024.  The plaintiffs filed a motion to reconsider, but the motion was not served within ten days of the judgment and thus did not extend the time to appeal.  See Mass. R. A. P. 4 (a) (2) (C), as appearing in 481 Mass. 1606 (2019). Accordingly, the time to appeal expired on August 26, 2024.  See Mass. R. A. P. 4 (a) (1), as appearing in 481 Mass. 1606 (2019).[3]

---

[3] August 24, 2024, was a Saturday.  See Mass. R. A. P. 14 (a), as appearing in 481 Mass. 1626 (2019) (where time period ends on Saturday, "the period shall extend until the end of the next day which is not a Saturday, Sunday, or legal holiday").

On September 19, 2024, the defendants served their motion for costs, which they filed on October 9, 2024.  On October 17, 2024, the court entered a judgment for $12,840.57 in costs against the plaintiffs.  On October 25, 2024, the plaintiffs filed a notice of appeal "giv[ing] notice of appeal of the Court's Final Judgment entered by this Court on October 17, 2024."

This notice of appeal provides us with no jurisdiction to consider an appeal of the July 25, 2024, judgment dismissing the plaintiffs' complaint.  It is neither timely nor does it designate that judgment as the one being appealed.

The plaintiffs request that we exercise our authority to extend the time to appeal the July 2024 judgment.  We may do so for "good cause shown," Mass. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019), which in civil cases "does not depart substantially from the 'excusable neglect' standard." Commonwealth v. Barboza, 68 Mass. App. Ct. 180, 183 (2007). That in turn requires "a situation that is 'unique or extraordinary' . . . ."  Pierce v. Hansen Eng'g & Mach. Co., 95 Mass. App. Ct. 713, 717 (2019), quoting Shaev v. Alvord, 66 Mass. App. Ct. 910, 911 (2006).

Here, the plaintiffs have failed to demonstrate such good cause.  Counsel's failure to recognize as a final judgment the separate document judgment entered by the clerk dismissing the

3

complaint is the sort of "garden-variety oversight" inadequate to justify relief.  Shaev, 66 Mass. App. Ct. at 911, quoting Feltch v. General Rental Co., 383 Mass. 603, 614 (1981).  Accord Commonwealth v. Trussell, 68 Mass. App. Ct. 452, 455 (2007), quoting Feltch, supra ("A flat mistake of counsel about the meaning of a statute or rule may not justify relief . . .").  Any suggestion that the plaintiffs were confused by the defendants' motion for costs rings hollow, as the time to appeal had already expired twenty-four days before the plaintiffs were served with the defendants' motion for costs.  Cf. Commonwealth v. Smith, 491 Mass. 377, 387-388 (2023) (claim that counsel was confused about deadline not good cause).

For these reasons, only the October 2024 judgment for costs is before us on appeal.  The plaintiffs, however, have not raised any issue in their briefs concerning that judgment.

Accordingly, any challenge to that judgment is waived.  See Metro Equip. Corp. v. Commonwealth, 74 Mass. App. Ct. 63, 64 n.2 (2009).

> Judgment entered October 17, 2024, affirmed.
>
> By the Court (Ditkoff, D'Angelo & Wood, JJ.[4]),
>
> Clerk

Entered:  January 6, 2026.

---

[4] The panelists are listed in order of seniority.