NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-590

ADOPTION OF LURLEEN.[1]


MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On February 16, 2024, a Juvenile Court judge issued a decree terminating the mother's and the father's parental rights to their child, Lurleen.  The father filed a timely notice of appeal, but the mother did not.  A year after the decree entered, the mother filed a motion before a single justice of this court seeking leave to file a late notice of appeal from the decree.  On March 6, 2025, the single justice denied the motion on the grounds that the mother failed to demonstrate good cause for her delay and had not identified a meritorious appellate issue.  The mother, at this point joined by the father, moved for reconsideration on March 27, 2024, which the

_____

[1] A pseudonym.  We use the same pseudonym that we adopted in an unpublished memorandum and order issued in an earlier appeal in this case, Adoption of Lurleen, 105 Mass. App. Ct. 1143 (2025) (Adoption of Lurleen I).

single justice denied on April 7, 2025.  On April 10, 2025, the mother and father each filed a notice of appeal, and those appeals are now before us.

Although the notices of appeal purport to appeal from both orders issued by the single justice, the notices are timely only as to the single justice's April 7, 2025 order denying the joint motion for reconsideration.  Our review of that order is limited to determining whether the single justice committed an error of law or an abuse of discretion.  See Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 278 (2020); Troy Indus. v. Samson Mfg. Corp., 76 Mass. App. Ct. 575, 581 (2010).  An abuse of discretion occurs where the decisionmaker has "made a clear error of judgment in weighing the factors relevant to the decision, such that the decision falls outside the range of reasonable alternatives" (quotations and citations omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

The single justice did not abuse his discretion in declining to reconsider his denial of the mother's motion for leave to file a late appeal.  A party in a civil case seeking to file a late appeal must establish both good cause and a meritorious appellate issue.  See M. R. A. P. 14 (b), as appearing in 481 Mass. 1626 (2019); Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378-379 (1975).  Good

2

cause in this context essentially equates to excusable neglect, a concept that "is meant to apply to circumstances that are unique or extraordinary, not to any 'garden-variety oversight.'" Shaev v. Alvord, 66 Mass. App. Ct. 910, 911 (2006), quoting Feltch v. General Rental Co., 383 Mass. 603, 613-614 (1981). See Troy Indus., 76 Mass. App. Ct. at 581.

In support of her motion to file a late appeal, the mother submitted an affidavit from her appellate counsel and later, before the single justice ruled on the motion, an affidavit of her own. As the single justice observed, the affidavits gave inconsistent reasons for the mother's failure to timely appeal, stating on the one hand that the mother mistakenly believed that the father's notice of appeal would "cover" her, and on the other hand that the delay was a result of the mother's substance use disorder and her trial counsel's inability to contact her "to explain her appellate options." In denying the motion, the single justice concluded that the affidavits did not establish good cause for a one-year delay in noticing an appeal.

The request for reconsideration, which again is the only issue before us, did not identify any demonstrable error in the single justice's conclusion that the mother failed to establish good cause. The single justice was within his discretion to conclude that this case did not present the "unique or

3

extraordinary" circumstances that would warrant granting leave to file a late appeal, Shaev, 66 Mass. App. Ct. at 911, especially given the length of the mother's delay and where granting leave would have delayed the father's then-pending appeal and permanency for the child.[2]  For this reason alone, the single justice was within his discretion to deny the joint motion for reconsideration.  See Blake, 486 Mass. at 278 (motion for reconsideration must identify "changed circumstances" or

---

[2] At the time the single justice denied reconsideration, the father's appeal was fully briefed and awaiting oral argument.  A panel of this court has since affirmed the decree terminating the father's parental rights.  See Adoption of Lurleen I, 105 Mass. App. Ct. 1143.

4

"particular and demonstrable error in the original ruling or decision" [quotations and citations omitted]).[3]

Single justice order dated
April 7, 2025, affirmed.

By the Court (Vuono, Shin &
Smyth, JJ.[4]),

*Paul Little*

Clerk

Entered: January 7, 2026.

---

[3] Given our conclusion and because the mother and father have filed a joint brief, we need not reach the arguments of the Department of Children and Families and the child that the father lacks standing to challenge the single justice's decision. We also need not decide whether the mother has a meritorious appellate issue. We note, however, that the issue identified in the joint brief -- that the absence of docket entries showing that the trial judge made inquiry under the Indian Child Welfare Act, 25 U.S.C. §§ 1901 et seq., affirmatively shows that the judge did not make such an inquiry -- was raised by the father and rejected by the panel in Adoption of Lurleen I, 105 Mass. App. Ct. 1143.

[4] The panelists are listed in order of seniority.