NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-719

LARRY INOA

vs.

PAMELA CASEY O'BRIEN & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from orders of a single justice of

this court denying (1) his motion to docket his appeal in this

case late and (2) his motion to reconsider that denial.  Because

we discern neither an abuse of discretion nor other error in the

challenged rulings, we affirm.

Background.  The appellant filed the underlying complaint

in the Superior Court in 2021.  In January 2022, after a

hearing, a judge of the Superior Court allowed the defendants'

_____

[1] Vinela Marmolejos, Christopher C. Harding, Theresa A. Bisenius, Mary Mcduald, Dina Carter, Geoffrey E. Snyder, Michelle A. Cristelb, and Randy J. Kaplan.  As is our custom, we spell the defendants' names as they are set forth on the complaint.

motions to dismiss the plaintiff's claims against them.  The plaintiff filed a notice of appeal from the judgment of dismissal and, on June 7, 2022, the Superior Court clerk sent notice of the assembly of the record to the parties and to the clerk of this court.  The plaintiff failed to docket his appeal within the fourteen-day time limit established by Mass. R. A. P. 10 (a) (1), as appearing in 481 Mass. 1618 (2019) (rule 10 [a] [1]).

In July 2022, this court sent notice of the plaintiff's failure to docket the appeal; the notice informed the parties that "[i]f an appellant . . . wishes to pursue the appeal, the party must file a motion to the single justice for leave to docket the appeal late."  The plaintiff did not file such a motion until nearly three years later, on May 6, 2025. Presented with the motion, the single justice found that the plaintiff had "failed to establish excusable neglect and at least one meritorious appellate issue," and denied the motion. The plaintiff moved for reconsideration, but the single justice denied the motion based on his conclusion that the plaintiff "failed to establish excusable neglect."  This appeal followed.

Discussion.  Where an appellant fails to docket a civil appeal in the time permitted under rule 10 (a) (1), the appellant must, as a threshold matter, demonstrate that the delay was caused by excusable neglect.  See Howard v. Boston

2

Water & Sewer Comm'n, 96 Mass. App. Ct. 119, 122 (2019).

"[E]xcusable neglect refers to circumstances that are unique or extraordinary, not to any garden-variety oversight" (quotations omitted). Id. at 123, quoting Shaev v. Alvord, 66 Mass. App. Ct. 910, 911 (2006). We review the action of the single justice on an appellant's motion to docket an appeal late for abuse of discretion. See Tisei v. Building Inspector of Marlborough, 3 Mass. App. Ct. 377, 378 (1975).

Here, the plaintiff argued that his delay amounted to excusable neglect for two reasons -- first, because he was self-represented at the time the deadline to enter the appeal passed and, second, because he experienced "personal and legal hardship arising from ongoing proceedings with the Massachusetts Department of Revenue (DOR) and the Child Support Enforcement Division." We discern no abuse of discretion in the single justice's determination that neither of these explanations demonstrated that the plaintiff's delay was the result of excusable neglect.

As to the first point, the plaintiff represented himself from the inception of the underlying lawsuit, including when he filed his notice of appeal. "Although some leniency is appropriate in determining whether pro se litigants have complied with rules of procedure, the rules nevertheless bind pro se litigants as all other litigants." Brown v. Chicopee

3

Fire Fighters Ass'n, Local 1710, IAFF, 408 Mass. 1003, 1004 n.4 (1990). Where "[t]he appellate rules 'put the responsibility for expediting the appeal squarely on the appellant,'" Neuwirth v. Neuwirth, 85 Mass. App. Ct. 248, 256-257 (2014), quoting Mailer v. Mailer, 387 Mass. 401, 407 (1982), the single justice acted within his discretion in rejecting the plaintiff's argument.

We reach a similar conclusion as to the plaintiff's second argument. Although the plaintiff's motion outlined his challenges to child support orders entered by the Probate and Family Court and to the lawfulness of certain defendants' efforts to enforce those orders, nothing in the plaintiff's affidavit or other supporting materials detailed any resulting "hardship" or explained how it prevented him from docketing his appeal for nearly three years. We are not persuaded that the record before the single justice compelled the conclusion that the plaintiff's ongoing dispute about his child support payments created "unique or extraordinary" circumstances, Howard, 96 Mass. App. Ct. at 123, quoting Shaev, 66 Mass. App. Ct. at 911, and we therefore conclude that the single justice acted within his discretion when he rejected this argument. See Lawrence Sav. Bank v. Garabedian, 49 Mass. App. Ct. 157, 161 (2000) (excusable neglect "is meant to take care of emergency situations only" [citation omitted]). Where the single justice

4

properly concluded that the plaintiff failed to show excusable neglect on any of the theories raised in his motion to docket the appeal late, we affirm the order denying that motion. Having done so, we also affirm the order denying the plaintiff's motion to reconsider.  The plaintiff's remaining requests for relief are not before us, and we do not consider them.

Single justice order dated May 9, 2025, denying motion to docket appeal late, affirmed.

Single justice order dated May 28, 2025, denying motion to reconsider, affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[2]),

Clerk

Entered:  May 18, 2026.

---

[2] The panelists are listed in order of seniority.